**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No.  10-cv-00921-LTB

SAU V. NGUYEN,

       Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

       Defendant.

_____

**ORDER**
_____

THIS MATTER is before me on review of the Commissioner's decision that denied Plaintiff's application for disability insurance benefits under the Social Security Act.  Plaintiff, Sau V. Nguyen, appeals the final decision of Michael J. Astrue, Commissioner of Social Security, denying his application for Social Security Disability benefits.  Oral argument would not materially assist the determination of this appeal. After consideration of the parties' briefs and the administrative record, and for the reasons set forth below, I affirm.

I.    <u>STATEMENT OF THE CASE</u>

On October 4, 2006, Plaintiff filed applications for disability insurance benefits (DIB) and for supplemental security income (SSI) payments.  Plaintiff alleged that he became disabled on May 1, 2006, due to heart problems, stroke, high blood pressure, and high cholesterol.  His application was denied initially.  An ALJ held a hearing on December 5, 2007 and issued a decision on December 7, 2007.  The Appeals Council

declined review on February 24, 2010.  Plaintiff timely filed this appeal seeking review of the Commissioner's final decision.

II.     STATEMENT OF FACTS

A.     Background

Plaintiff was born in September 1948.  He was fifty-seven years old on the date he alleged that he became disabled.  Administrative Record ("AR") 68, 70, 99.  He alleged that he has had a disability since May 1, 2006, due to heart problems, stroke, high blood pressure, and high cholesterol. AR 68, 70, 99, 103.  He had past relevant work experience as a manager in a tailor shop as a cashier and as a delivery route truck driver for a bakery.  AR 104.

B.     Law

A five-step sequential evaluation process is used to determine whether a claimant is disabled under Title II and Title XVI of the Social Security Act which is generally defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(B); *see also Bowen v. Yuckert*, 482 U.S. 137, 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

Step One is whether the claimant is presently engaged in substantial gainful activity. If he is, disability benefits are denied. See 20 C.F.R. §§ 404.1520, 416.920. Step Two is a determination whether the claimant has a medically severe impairment or combination of impairments as governed by 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant is unable to show that his medical impairment(s) would have more than a

2

minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. Step Three determines whether the impairment is equivalent to one of a number of listed impairments deemed to be so severe as to preclude substantial gainful employment. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not listed, he is not presumed to be conclusively disabled. Step Four then requires the claimant to show that his impairment(s) and assessed residual functional capacity ("RFC") prevent him from performing work that he has performed in the past. If the claimant is able to perform his previous work, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520 (e)&(f), 416.920(e)&(f). Finally, if the claimant establishes a prima facie case of disability based on the four steps as discussed, the analysis proceeds to Step Five where the Commissioner has the burden to demonstrate that the claimant has the RFC to perform other work in the national economy in view of his age, education and work experience. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

C.     ALJ's Ruling

The ALJ ruled that Plaintiff had not engaged in substantial gainful activity since May 1, 2006. AR 14. The ALJ found that Plaintiff has the following severe impairments: coronary artery disease and status-post bypass. AR 14. Next, the ALJ found that Plaintiff does not have an impairment or combinations of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 15. The ALJ then found that Plaintiff has the residual functional capacity (RFC) to perform work with the following limitations: lift and carry 50 pounds occasionally, 25 pounds frequently, sit and stand/walk at least 6 hours each in an 8-hour day; no exposure to heights, ladders, scaffolds; no operation of dangerous

machinery; avoid extensive concentrations of dust, fumes, and chemicals.  AR 15.

Further, the ALJ found Plaintiff is capable of performing past relevant work as a delivery

route truck driver and cashier.  AR 19.  Finally, the ALJ found that Plaintiff has not been

under a disability as defined by the Social Security Act from May 1, 2006.  AR 19.

## III.   STANDARD OF REVIEW

This court's review is limited to whether the final decision is supported by

substantial evidence  in the record as a whole and whether the correct legal standards

were applied. *Williamson v. Barnhart*, 350 F.3d 1097, 1098, 60 Fed. Appx. 729 (10th

Cir. 2003); *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001); *Qualls v. Apfel*, 206

F.3d 1368, 1371 (10th Cir. 2000). Thus, the function of my review of the factual findings

is to determine whether they "are based upon substantial evidence and inferences

reasonably drawn therefrom; if they are so supported, they are conclusive upon [this]

reviewing court and may not be disturbed." *Trujillo v. Richardson*, 429 F.2d 1149, 1150

(10th Cir. 1970). With regard to the application of the law, reversal may be appropriate

when the SSA Commissioner either applies an incorrect legal standard or fails to

demonstrate reliance on the correct legal standards. *See Winfrey v. Chater*, 92 F.3d

1017, 1019 (10th Cir. 1996).

## IV.   ISSUES ON APPEAL

A.   Whether There is Substantial Evidence Supporting the Commissioner's
     Decision

      1.   Whether the ALJ complied with 20 C.F.R. 404.1527 and gave
     adequate weight to the opinion of Plaintiff's treating physician Dr.
     Hai Bui

Plaintiff argues that the ALJ erred in not giving adequate weight to the Plaintiff's treating physician Dr. Hai Bui.  Plaintiff contends that as the treating physician, Dr Bui's opinions were entitled to controlling weight.  Plaintiff also argues that the ALJ failed to address the factors pursuant to 20 C.F.R. 404.1527(d) to determine if Dr. Bui's opinion should be granted deferential weight.  Plaintiff notes that he has been seen by Dr. Bui every 3 months for the last five years.

Dr. Bui opined that Plaintiff had the following symptoms and limitations: anginal equivalent pain, shortness of breath, fatigue, weakness, edema and dizziness; marked limitation of physical activity as demonstrated by fatigue, palpation, dyspnea or anginal discomfort on ordinary physical activity, even though patient is comfortable at rest; experience of cardiac symptoms (including psychological preoccupation with his cardiac condition, if any) is severe enough to "frequently" interfere with attention and concentration needed to perform even simple work tasks; can only walk ½ city block without rest or severe pain; can only sit about 2 hours in an 8 hour work day; can only stand/walk less than 2 hours in an 8-hour work day; needs to take unscheduled breaks every two hours for about 15 minutes during an 8-hour work day where patient would lie down with his legs elevated to heart level; patient's legs would need to be elevated for 50% of an 8-hour work day for a sedentary job; can only rarely lift and carry 20 pounds; can only rarely crouch/squat; can only rarely climb ladders; can only rarely climb stairs; should avoid all exposure to extreme cold; should avoid all exposure to extreme heat; should avoid all exposure to cigarette smoke; should avoid all exposure to solvents/cleaners; should avoid all exposure to fumes, odors, gases; should avoid all exposure to dust; should avoid all exposure to chemicals; should avoid even moderate

5

exposure to high humidity; should avoid even moderate exposure to wetness; should avoid even moderate exposure to perfumes; should avoid even moderate exposure to soldering fluxes; should avoid even moderate exposure to flowers; impairments likely to produce "good days" and "bad days" and is likely to miss more than four days per month due to impairments or treatment.

Defendant argues that the ALJ gave legitimate reasons for discounting Dr. Bui's opinion as it was unsupported by Dr. Bui's office notes and was inconsistent with the specialists' opinions of records. Defendant asserts that the ALJ did not err in giving more credence to the opinion of the mental health specialist, Dr. Cucich, than to a general practitioner regarding Plaintiff's mental health. Defendant contends that to the extent Dr. Bui opined that Plaintiff was unable to work, the ALJ correctly did not give special significance to the opinion, which was an opinion on a dispositive issue reserved for the Commissioner.

An ALJ is "required to give controlling weight to a treating physician's opinion about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis, and any physical or mental restrictions, if 'it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record.'" *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995) (quotation omitted); see also 20 C.F.R. § 404.1527(d)(2); Security Ruling 96-2p(stating that where a treating physician's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight).

"A treating physician's opinion must be given substantial weight unless good cause is shown to disregard it." *Goatcher v. United States Department of Health and Human Servs.*, 52 F.3d 288, 289-90 (10th Cir. 1994)(citing *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir.1987)). "When a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other physicians' reports "to see if [they] 'outweigh[ ]' the treating physician's report, not the other way around." *Id.* at 290 (quoting *Reyes v. Bowen*, 845 F.2d 242, 245 (10th Cir.1988). "The ALJ must give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled." *Id.*

"In addition, the ALJ must consider the following specific factors to determine what weight to give any medical opinion: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion." *Id.* (citing 20 C.F.R. § 404.1527(d)(2)-(6)).

"An ALJ must first consider whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'" *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (citing SSR 96-2p, 1996 WL 374188, at *2 (quotations omitted)). "If the answer to this question is 'no,' then the inquiry at this stage is complete." *Id.* "If the ALJ finds that the opinion is well-supported, he must then confirm

7

that the opinion is consistent with other substantial evidence in the record."   *Id*.  "In other

words, if the opinion is deficient in either of these respects, then it is not entitled to

controlling weight."   *Id*.

   After considering the various factors listed above, the ALJ's decision to give "no

weight" to Dr. Bui's opinion was supported by substantial evidence as it was not

supported by "well documented medical evidence, treatment records or statements of

the Plaintiff regarding his daily activities and physical ability."  Dr. Bui's opinion was not

supported by treatment notes and not supported by substantial evidence in the record.

Additionally, I find that the ALJ gave clearly articulated and well reasoned legitimate

reasons for completely rejecting Dr. Bui's opinion.

   2.   Whether the ALJ erred in failing to re-contact Plaintiff's treating
        physician if he believed the evidence received from that physician
        was inadequate to make a decision

   Plaintiff argues that the ALJ erred in failing to re-contact any treating physician if

he felt the evidence received from the treating physicians was inadequate to make a

determination.  I reject Plaintiff's argument.  Here, the record evidence was not

inadequate to reach a decision and the duty to recontact did not exist.  *See Cowan v.*

*Astrue*, 552 F.3d 1181, 1186-87 (10th Cir. 2008)(citing *Henrie v. U.S. Dept. Of Health &*

*Human Servs.*, 13 F.3d 359,360-61 (10th Cir. 1993))("there was no need to further

develop the record because sufficient information existed for the ALJ to make her

disability determination").

3.      Whether the RFC is conclusory

Plaintiff argues that the ALJ does not explain in his decision how he reached his decision as to Plaintiff's RFC.  Plaintiff notes that the ALJ appears to use the lift and carry, and sit and stand limitations form the Physical Residual Functional Capacity done by the State Agency disability examiners which the ALJ discredits in his decision. Plaintiff goes on to state that the ALJ seems to get the other restrictions from a report from Dr. Crawley.  Plaintiff asserts that the ALJ cannot use part of his RFC opinion and discredit the rest of the limitations the doctor gave.

Defendant notes that the ALJ found that Plaintiff had limitations because of his coronary artery disease and status post bypass surgery were "severe" impairments. Defendant goes on to state that none of the doctors' examination notes limit Plaintiff's ability to lift and carry.  Further, Defendant notes that Dr. Crowley's treatment notes placed no activity restrictions on Plaintiff.  Defendant asserts that while the ALJ gave significant weight to Dr. Crowley's opinion, the ALJ did not err when he did not adopt Dr. Crowley's restriction for never lifting fifty pounds.

Plaintiff's reliance on *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007), wherein the Tenth Circuit reversed and remanded the district court's affirmance of the Commissioner's denial of benefits based on the ALJ's failure to explain why he rejected some restrictions assessed by a mental health professional while relying on others, is misplaced for two reasons.  *Id.* at 1208. (An ALJ is not entitled to pick and choose through uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisablity).

9

First, the finding by Dr. Crowley that Plaintiff should never lift fifty pounds does not necessarily support a conclusion that Plaintiff is disabled.  Rather, such a limitation would simply reduce the number of available jobs Plaintiff could perform.  Plaintiff does not assert that the listing restriction would exclude the jobs that the ALJ has found that Plaintiff is able to perform.  Therefore, *Haga* does not apply in this case.  Secondly, Dr. Crowley's opinion regarding the lifting restriction is not an uncontradicted opinion, as the ALJ notes, "Dr. Crowley felt that the claimant should avoid cigarette smoke, fumes, odors, and gases, but that he was '*cleared to work without restrictions.*'" AR 18. (Emphasis added).  The ALJ's RFC finding is supported by substantial evidence in the record.

4.      Whether the ALJ failed to pose a complete hypothetical question to the vocational expert

Plaintiff argues that it was an error for the ALJ to state at the hearing his conclusion was to follow SSR 96-8 -- that claimant is unable to perform eight hours a day, five days a week or perform sedentary work and then hold Plaintiff is not disabled in the written decision.  During the hearing the ALJ and vocational expert (VE) engaged in the following exchange:

> ALJ: If the individual needed one additional rest period than normally permitted during the regular workday, one in the morning and one in the afternoon, would that permit or exclude the delivery route truck driver and cashier position?
> VE: It would exclude both
> ALJ: I'm not going to ask any questions, Ms. McClure.  ON 96AP if he can't perform reliably and consistently eight hours a day, five days a week the ruling would find him disabled.  Sedentary would also find him disabled.  Do you have questions of Ms. Christenson?
> Plaintiff' Attorney: Your Honor, if you're following that conclusion then I do not.
> ALJ: Okay.

> Plaintiff's Attorney: That he's not able to perform sedentary work.
> ALJ: Okay.  If he's not able to perform sedentary work he would be disabled, even at sedentary he would be disabled.  And then if he can't work 40 hours a week he would be disabled under 96AP.
> Plaintiff's Attorney: Okay.

AR 39-40.  Plaintiff also claims that the ALJ failed to ask a complete hypothetical question that included all of Plaintiff's limitations to the VE.

Defendant does not directly respond to Plaintiff's argument and instead argues that the ALJ properly relied on information supplied by the VE at step four, and the ALJ made the required findings on the record, including his own evaluation of claimant's ability to perform his past work.  Further, Defendant argues that Plaintiff did not demonstrate that he was precluded from performing his past work as a delivery route truck driver or cashier.

As to whether the ALJ posed a complete hypothetical question that properly included Plaintiff's RFC limitations, because there is substantial evidence that Plaintiff could perform his past relevant work, the ALJ's limited use of the vocational expert was proper.  *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991)(*citing Jordan v. Heckler*, 835 F.2d 1314, 1316 (10th Cir. 1987)("A vocational expert may be called for the limited purpose of determining whether the claimant's skills acquired during past work would transfer to a category containing the exertional level the administrative law judge has concluded the claimant could perform.")

On the issue of whether the ALJ stated that his conclusion was to follow SSR 96-8p, after review of the record, it is not clear whether the ALJ was stating that this was his final conclusion or if he was just posing one last hypothetical question to the VE.  As such, I decline to find that it was an error for the ALJ to hold otherwise in his decision.

11

   5.     Whether the ALJ adequately considered the restrictions opined by
          Dr. Cucich and Dr. Dyde.

       Plaintiff argues that the ALJ's findings that Plaintiff can perform his past work is

not supported by substantial evidence and not supported by the opinions of any

examining physicians.  Plaintiff notes that Dr. Cucich states in the February 20, 2007

Psychological Consultative exam, "[Plaintiff] describes his ability to understand,

remember and carry through with simple as well as complex and detailed instructions as

being fairly erratic and certainly more difficult since his stroke in 2004."  Citing AR 267.

Additionally, "[Plaintiff] also states his daughter feels he is not able to manage his funds

at this time and I agree."  Citing AR 267.

        Plaintiff also asserts that failing to consider Dr. Dyde's opinion was a harmful

error because his restrictions preclude SVP 3 work, which would include Plaintiff's past

relevant work as a delivery route truck driver.  Plaintiff notes Dr Dyde stated in his

March 23, 2007 assessment, "claimant's ability to remember and carry out detailed

instructions is markedly limited." Citing AR 174.

       Defendant notes that Dr. Cucich did not offer limitations on Plaintiff's ability to

understand, carry out and remember instructions.  Instead, Defendant contends Dr.

Cucich reported Plaintiff's self-description of his ability to understand, remember, and

carry out simple and complex and detailed instructions.  Further, Defendant argues that

the only actual limitation Dr. Cucich may have imposed was a mild ability to concentrate

and understand and this limitation is not inconsistent with the ALJ finding that Plaintiff's

mood disorder was not severe.

12

As to Dr. Dyde, Defendant argues while the ALJ did not specifically discuss Dr. Dyde's residual functional capacity assessment, Plaintiff failed to demonstrate that harmful error occurred.  Defendant notes that Dr. Dyde concluded that Plaintiff retained the ability to work that involved simple tasks and follow simple instructions.  Defendant contends that while the ALJ did not include these limitations in his RFC finding, the ALJ found that Plaintiff could perform his past relevant work as a cashier which is an unskilled job.

I agree with Defendant that the only actual limitation Dr. Cucich may have imposed was a mild ability to concentrate and understand and this limitation is not inconsistent with the ALJ finding that Plaintiff's mood disorder was not severe.  Any further discussion of  Plaintiff's ability to understand in Dr. Cucich's examination was Plaintiff's self reporting and not any finding or restriction by Dr. Cucich.  Additionally, any failure by the ALJ to specifically discuss Dr. Dyde's RFC was a harmless error.  Even if Plaintiff's past employment as a delivery route truck driver is excluded, the ALJ's finding that Plaintiff could perform his past relevant work as a cashier is still supported by substantial evidence on the record.  It is therefore ORDERED that the Commissioner's decision is affirmed.

Dated: January __28__, 2011.

BY THE COURT:

___s/Lewis T. Babcock_____
Lewis T. Babcock, Judge

13